# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:

**APPLICATION OF MICHAEL WILSON &
PARTNERS, LIMITED FOR JUDICIAL
ASSISTANCE PURSUANT TO 28 U.S.C.
§ 1782**

**Case No.  6:08-mc-64-Orl-31DAB**

_____/

# ORDER

This matter comes before the Court on the Motion to Revoke Grant of Judicial Assistance

under 28 U.S.C. § 1782 and Authorization of Foreign Service of Subpoena under 28 U.S.C. §

1783 and to Quash Subpoena (Doc. 17) filed by Jean Joseph Louis Robert Schoonbrood

("Schoonbrood") and the response (Doc. 24) filed by Michael Wilson & Partners, Limited

("MWP").

MWP, which has its principal office in Almaty, Kazakhstan, has instituted judicial and

arbitral proceedings in England and Australia against former employees for allegedly diverting

business opportunities when they left MWP. (Doc. 3 at 2).  The opportunities involved oil and gas

exploitation in central Asia; Schoonbrood is the CEO of one of the companies whose business

relationship with MWP was allegedly diverted to the employees' new firm.  (Doc. 3 at 2).  On

June 2, 2008, MWP made an *ex parte* application to this Court for judicial assistance pursuant to

28 U.S.C. § 1782, which provides in pertinent part that

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use in
> a proceeding in a foreign or international tribunal.

28 U.S.C. § 1782(a).  MWP, describing Schoonbrood as a resident of this District and someone who could also be found here, sought an order requiring Schoonbrood to sit for a deposition and to produce documents for use in the foreign proceedings.  On June 4, 2008, the Court granted MWP's motion, subject to Schoonbrood's right to subsequently challenge it.  (Doc. 6).

MWP was unable to locate Schoonbrood in this District.  On June 13, 2008, MWP sought issuance of a subpoena pursuant to 28 U.S.C. § 1783 for service upon Schoonbrood in a foreign country.  That statute provides in pertinent part that a district court "may order the issuance of a subpoena requiring the appearance as a witness ... of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him".  28 U.S.C. § 1783(a).  MWP, again proceeding *ex parte*, contended that Schoonbrood, although a resident of this District, had recently traveled to Curacao.  On June 17, 2008, the Court granted MWP's motion but stated that Schoonbrood would be given an opportunity to challenge it. (Doc. 11).  MWP was unable to locate Schoonbrood in Curacao.[1]  On June 30, 2008, Schoonbrood was served with the subpoena at his office in Almaty, Kazakhstan.

Section 1782 requires that the person at issue be a resident of the district or be found there. Section 1783 requires that the subject of the subpoena be a national or a resident of the United States.  Schoonbrood was not found in this District, and there is no contention that he is a U.S. national.  Thus, for MWP to prevail, it must demonstrate that Schoonbrood is a resident of this District.  On this score, MWP relies primarily on two things: that Schoonbrood owns a house in

---

[1]Schoonbrood denies having been in Curacao since 2006.

Orlando, and that Schoonbrood has listed that house as his address in a number of legal documents (such as his employment contract and government filings) and his company's website.[2]

For his part, Schoonbrood contends that he relocated to Kazakhstan in 2006, and avers that he has spent no more than 3 weeks in Orlando since May 2007.  He contends that the home in Orlando is a vacation home, not his residence, and that his current employment contract (which he entered in May 2007) requires him to work in Kazakhstan and the United Kingdom.  He points out that he bought the Orlando house in 1999, but only paid income tax in the United States in one year – 2005.  He states that he is not registered to vote here, does not have a Florida driver's license, and does not have a United States passport or Permanent Residence Card.  Schoonbrood admits listing the Orlando address on several occasions within the past several years, but contends that he did so either to make sure he received his mail (before he had a permanent address in Kazakhstan) and, more recently, simply as an oversight, which he has since corrected.

On this record, the Court finds that MWP has failed to establish that Schoonbrood resides in this District or in the United States.  Accordingly, it is hereby

**ORDERED** that  the Motion to Revoke Grant of Judicial Assistance under 28 U.S.C. § 1782 and Authorization of Foreign Service of Subpoena under 28 U.S.C. § 1783 and to Quash Subpoena (Doc. 17) is **GRANTED**.  The Court's previous granting of the application for assistance under Section 1782 and the authorization of foreign service under Section 1783 are

---

[2]MWP also argues that Schoonbrood has failed to demonstrate that he resides in Kazakhstan, as he claims, but MWP provides no case law to support the notion that the burden of establishing Schoonbrood's residence lies with Schoonbrood here.

**REVOKED**, and the subpoena issued pursuant to Section 1783 is **QUASHED**.  All pending

motions are **DENIED AS MOOT**.  The Clerk has closed the case.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 21, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-4-